SEEMAN et al. v. LEVINE et al.

(Supreme Court, Appellate Term. March 10, 1910.)

1. FRAUDULENT CONVEYANCES (§ 3*)—BULK SALES—VALIDITY OF STATUTE.
    Personal Property Law (Consol. Laws, c. 41) § 44, providing that a sale of any portion of a stock of merchandise, other than in the ordinary course of trade, or the sale of an entire stock of merchandise in bulk, will be presumed to be fraudulent against the creditors of the seller, unless at least five days before sale a detailed inventory is made, and the purchaser makes explicit inquiry of the seller as to the names of creditors, and notifies them, is not unconstitutional.

    [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. FRAUDULENT CONVEYANCES (§ 241*)—BULK SALES—FRAUD—PRESUMPTION.
    Personal Property Law (Consol. Laws, c. 41) § 44, providing that sales contrary to its provisions shall be presumed to be fraudulent and void against the creditors of the seller, does not refer to judgment creditors alone.

    [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 697; Dec. Dig. § 241.*]

3. FRAUDULENT CONVEYANCES (§ 47*)—BULK SALES—FRAUD—PRESUMPTION.
    Where a sale of goods was made in violation of Personal Property Law (Consol. Laws, c. 41) § 44, providing that sales of merchandise in bulk will be presumed to be fraudulent unless at least five days before the sale a full inventory is made, and the purchaser makes explicit inquiry of the seller as to the names of creditors, and notifies them, the question whether the sale was fraudulent is one of fact for the trial court or jury, and in making this determination it should consider the presumption of fraud and illegality arising from the fact that it was a transaction in violation of the statute.

    [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. § 47.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. FRAUDULENT CONVEYANCES (§ 283*)—BULK SALES—BONA FIDE PURCHASER—
BURDEN OF PROOF.
     Where a party purchased a stock of goods from one whom he knew
purchased them in bulk from another, so that his purchase was presumed
fraudulent unless the requirements of Personal Property Law (Consol.
Laws, c. 41) § 44, of notice to the creditors of the seller, were complied
with, the burden was on him to show that the notice was given, in order
to be considered as a purchaser in good faith.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §
819; Dec. Dig. § 283.*]
     Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Seeman and others against Louis Levine and
others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Philip Cohen, for appellants.

Clarence McMillan (Norman G. Hewitt, of counsel), for respondents.

SEABURY, J. The plaintiffs sue upon a bond given by the defendants on a third party claim to goods levied upon under a warrant of attachment in an action brought by the plaintiffs against one Chill. The evidence established that Chill was indebted to the plaintiffs and to several others; that on January 27, 1909, Chill transferred the stock and fixtures of a grocery store, of which he was the owner, to Sakow by a bill of sale; and that on February 2, 1909, by a bill of sale, Sakow transferred the property to the defendant Levine. It was also proved that, at the time the plaintiffs caused the property to be levied upon under the warrant of attachment in this action against Chill, the property was delivered to the defendant Levine upon the latter giving a bond to the plaintiffs. This bond provided as follows:

"If in an action upon this bond, commenced within three months thereafter, the said claimant will establish that he is the general owner of the property claimed at the time of the seizure, or, if he fail so to do, that he will pay to the said Joseph Seeman, Sigel W. Seeman, Sylvan L. Stix, and Carl Seeman the value thereof, with interest, then this obligation to be void; otherwise, to remain in full force and virtue."

It was also proved that no notice of any transfer by Chill of his property was given to his creditors. One of the issues upon the trial was whether the bill of sale which Chill executed to Sakow, and the transfer of his property which took place under it, was valid or invalid. It is conceded that, except for the presumption that the sale was fraudulent and illegal which arises from section 44 of the personal property law (Consol. Laws, c. 41), the evidence was insufficient to justify a judgment for the plaintiffs. Section 44 of the personal property law provides as follows:

"Sec. 44. Transfer of Goods in Bulk.—1. The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferror's business, or the transfer of an entire such stock in bulk, shall be presumed to be fraud-

ulent and void as against the creditors of the transferror, unless the proposed transferee shall, at least five days before the transfer, in good faith, make full and explicit inquiry of the transferror as to the names and addresses of each and all of the creditors of the transferror, and unless such transferee shall at least five days before the transfer in good faith notify or cause to be notified of the proposed transfer personally or by registered mail each of the creditors of the transferror of whom such transferee has knowledge, or can with the exercise of reasonable diligence acquire knowledge.

"2. The transferror shall at least five days before such transfer fully and truthfully answer in writing such transferee's inquiries as to the names and addresses of the transferror's creditors, and if such transferror shall knowingly or willfully refuse so to answer or make or deliver or cause to be made or delivered to such transferee any false or incomplete answer to such inquiries, said transferror shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished accordingly.

"3. Transfers under this section shall include sales, exchanges and assignments, but nothing contained in this section shall apply to transfers by executors, administrators, receivers, assignees under a voluntary assignment for the benefit of creditors, trustee in bankruptcy, or by any public officer under judicial process."

The appellants assert that this statute is unconstitutional, and contend that, even if it is constitutional, it is inapplicable to the present case. A former statute, which declared that a sale made contrary to its terms was "fraudulent and void as against the creditors of the seller," was declared to be unconstitutional in Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338. The present form of the statute is the result of an amendment passed in 1904, and as amended the statute does not declare that such sales "shall be fraudulent and void," but merely that they "will be presumed to be fraudulent and void." In its present form the constitutionality of the statute has been upheld by the Appellate Division of the Second Department in Sprintz v. Saxton, 125 App. Div. 908, 109 N. Y. Supp. 1147. We think that this decision meets the objections which are now urged against the constitutionality of the statute.

The contention that the statute is inapplicable to the present action proceeds from an attempt to give the statute so technical a construction as to defeat its purpose. While the statute may well be considered of doubtful wisdom, if it is constitutional, the courts should strive to apply it so as to give effect to its purpose. There is no justification for the contention that only judgment creditors can take advantage of its provisions. The statute distinctly provides that sales made contrary to its terms "shall be presumed to be fraudulent and void as against the creditors of the seller." Whether the transfer from Chill was fraudulent and illegal was a question of fact for the trial court or jury to determine. In making this determination it was required to consider the presumption of fraud and illegality which arose from the fact that the property was transferred in violation of the statute.

Nor can the defendants avoid liability upon their bond by the claim that, even if the transfer from Chill to Sakow was void, yet that the defendant Levine purchased the property in good faith from Sakow. The evidence shows that the defendant Levine knew that the transfer from Chill to Sakow was of the whole stock. Such a transfer was presumptively fraudulent, under the provisions of the statute, "unless"

the notice prescribed by the statute was given. When the defendant Levine purchased the property from Sakow, he did so with knowledge of the fact that Sakow's title was presumptively fraudulent, unless the statutory notice had been given. In purchasing the stock with this knowledge, we think that the defendant Levine assumed the burden of establishing that the statutory notice was given, in order to be allowed to occupy the position of a purchaser in good faith. The evidence was sufficient to establish the defendants' liability under the bond, and the judgment should be affirmed.

Judgment affirmed, with costs.

LEHMAN, J., concurs.

BIJUR, J. (dissenting). The only evidence from which it can be inferred that defendant had any knowledge that Sakow had bought the goods in bulk from Chill is that given by defendant himself. When testifying to the conversation he had had with Sakow at the time of defendant's purchase, he testifies:

"I said: 'What can you do for me?' He said: 'I bought this place of business, and I would like to dispose of it.' He said he bought it, and he would like to get rid of it."

I do not regard this conversation as sufficient notice to the defendant that his vendor had previously bought the goods in bulk, so as to put him upon inquiry whether his vendor had or had not fully complied with the provisions of section 44 of the personal property law. Consequently I do not consider defendant chargeable with knowledge that there was even a presumption of any defect in his vendor's title to the goods.

The judgment below should be reversed.